FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 07 2022

TAMMY H. DOWNS, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ANDREW DENISON, individually and
on behalf of all others similarly situated**                                    **PLAINTIFF**

V.                            CASE NO. 4:22-CV-325-JM

**CHANCE SOBRIETY MINISTRIES INC. AND
POWER STAFFING SERVICES, INC.**                                    **DEFENDANTS**

## CLASS AND COLLECTIVE ACTION COMPLAINT

COMES NOW Andrew Denison individually and on behalf of all others similarly situated, by and through his attorney Chris Burks of WH LAW, for his Class and Collective Action Complaint against Chance Sobriety Ministries Inc. and Power Staffing Services, Inc., they do hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. This is a class action and a collective action brought by Plaintiff Andrew Denison individually and on behalf of all other hourly-paid employees employed by Defendants at any time within a three-year period preceding the filing of this Complaint.

2. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendants' failure to pay Plaintiff and other hourly-paid employees minimum wage compensation for all hours worked under forty (40) hours per week and lawful overtime compensation for hours worked in excess of forty (40) hours per week.

This case assigned to District Judge Moody
and to Magistrate Judge Ray

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA and AMWA as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint.

6. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

7. The acts complained of herein were committed and had their principal effect within the Central Division of the Eastern District of Arkansas. Accordingly, venue is proper within this District pursuant to 28 U.S.C. § 1391.

8. Defendants do business in this District and a substantial part of the events alleged herein occurred in this District.

9. The witnesses to overtime wage violations alleged in this Complaint reside in this District.

10. On information and belief, the payroll records and other documents related to the payroll practices that Plaintiff challenge are located in this District.

## III. THE PARTIES

11. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

12. Plaintiff is a resident and citizen of Pulaski County.

13. Plaintiff Andrew Denison was employed by Defendants as an hourly-paid employee within the three years relevant to this lawsuit.

14. At all material times, Plaintiff has been entitled to the rights, protection, and benefits provided under the FLSA and AMWA.

15. Defendant Chance Sobriety Ministries Inc. is a non-profit corporation, registered and licensed to do business in the State of Arkansas.

16. Defendant Chance Sobriety Ministries Inc.'s registered agent for service of process in Arkansas is Benjamin Perkins, who can be served at 4121 Weldon Ave., Little Rock, AR 72204.

17. Defendant Power Staffing Services, Inc. is a for-profit corporation, registered and licensed to do business in the State of Arkansas.

18. Defendant Power Staffing Services, Inc.'s registered agent for service of process in Arkansas is Benjamin Perkins, who can be served at 4121 Weldon Ave., Little Rock, AR 72204.

19. Defendant Chance Sobriety Ministries Inc. is a non-profit drug and alcohol treatment center that also does business under the name of Suds-N-Bubbles Carwash & Detailing.

20. Defendant Power Staffing Services, Inc. is a staffing agency that paid the Plaintiff and members of the class and collective for the work they performed at Suds-N-Bubbles Carwash & Detailing.

21. Defendants Chance Sobriety Ministries Inc. and Power Staffing Services, Inc. were the joint employers of Plaintiff and members of the class and collective.

22. Defendants Chance Sobriety Ministries Inc. and Power Staffing Services, Inc. are the Plaintiff's "employers" within the meanings set forth in the FLSA and AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employers, as well as the employers of the members of the class and collective.

**23.** During the time period relevant to this case, Plaintiff was employed by the Defendants.

**24.** Defendants Chance Sobriety Ministries Inc. and Power Staffing Services, Inc. have employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others, such as hoses, chemicals, and detailing equipment used to wash and detail cars.

25. Defendants Chance Sobriety Ministries Inc. and Power Staffing Services, Inc.'s annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this complaint.

### IV.    FACTUAL ALLEGATIONS

26. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

27. During part of the three (3) years prior to the filing of this lawsuit, Plaintiff worked for Defendants as an hourly-paid employee.

28. Plaintiff was hired by Defendants a detailer on or about March 14, 2021.

29. Plaintiff and other hourly-paid employees were classified as hourly employees and paid an hourly rate.

30. Plaintiff and other hourly-paid employees recorded their hours worked via timecards.

31. Plaintiff and other hourly-paid employees worked additional hours during which they were not paid their minimum wage rate of $11.00 an hour.

32. Plaintiff and other hourly-paid employees also worked at rental houses owned or operated by the Defendants', cleaning units and removing belongings left by previous renters.

33. Plaintiff and other hourly-paid employees were only paid "half-time" when they worked at the Defendants' rental houses. That is, if Plaintiff and other hourly-paid employees worked 10 hours at a rental house, they were only paid for five hours of work.

34. Defendants' practice of paying half-time rates for hours spent working at locations other than Defendants' car wash resulted in Plaintiff and other hourly-paid employees not being paid minimum wage for all hours worked.

35. Defendants' practice of paying half-time rates for hours spent working at locations other than Defendants' car wash resulted in Plaintiff and other hourly-paid employees not being paid one-and-one-half (1.5) times their base hourly rate for each hour they worked over forty (40) in a workweek.

36. Plaintiff and other hourly-paid employees were provided housing by the Defendants. Their rent payments were deducted from their weekly paychecks, but there was no agreement that such rent deductions would be credited toward minimum or overtime wages.

37. If the car wash was unable to operate due to weather conditions, rent payments owed by Plaintiff and other hourly-paid employees were still deducted from their future paychecks.

38. Defendants preferred to give overtime hours to employees who owed "back rent" (i.e. rent they could not pay because the car wash was not operating), so that they could deduct the "back rent" from their overtime pay.

39. Defendants also deducted fines they classified as "program" or "membership fees" for fines they charged to Plaintiff and other hourly-paid employees.

40. Specifically, Defendants would fine Plaintiff and other hourly-paid employees for cursing at their worksite, for failing to put tips in a communal box, and for other minor offenses.

41. Defendants' practice of deducting rent payments and "program" or "membership fees" for fines from the paychecks of Plaintiff and other hourly-paid employees resulted in Plaintiff and other hourly-paid employees not being paid minimum wage for all hours worked.

42. Defendants' practice of deducting rent payments and "membership fees" for fines from the paychecks of Plaintiff and other hourly-paid employees resulted in Plaintiff and other hourly-paid employees not being paid one-and-one-half (1.5) times their base hourly rate for each hour they worked over forty (40) in a workweek.

43. Plaintiff and other hourly-paid employees were generally restricted from leaving the car wash at all times during the period the car wash operated without the express permission of the owner.

44. Plaintiff and other hourly-paid employees were required to remain on-site at the car wash from 8:00 am to 6:00pm Monday through Saturday, and from 9:00am to 5:00pm on Sunday.

- These hours would be extended if customers were still at the car wash at the time the business was scheduled to close.

45. If there were no vehicles at the car wash during these periods, Plaintiff and other hourly paid employees were required to clock out and were not paid for these down times, however they were not permitted to leave the site.

46. Plaintiff and other hourly-paid employees were "engaged to wait" during this period, as they were required to be at work and wait until there was work for them to do, and they were not allowed to leave the job site or pursue other activities as they would have done if they were truly off-the-clock.

47. Defendants' failure to pay Plaintiff and other hourly-paid employees for these "engaged to wait" slow periods resulted in Plaintiff and other hourly-paid employees being paid less than a minimum wage resulted in Plaintiff and other hourly-paid employees not being paid minimum wage for all hours worked.

48. Defendants' failure to pay Plaintiff and other hourly-paid employees for these "engaged to wait" slow periods resulted in Plaintiff and other hourly-paid employees not being paid one-and-one-half (1.5) times their base hourly rate for each hour they worked over forty (40) in a workweek.

49. Plaintiff worked for Defendants at Defendants' facility in Little Rock and Defendants' pay practices were the same for all hourly workers at this facility.

50. Defendants knew or showed reckless disregard for whether the way they paid Plaintiff and other hourly-paid employees violated the FLSA and AMWA.

51. Defendants' hourly-paid employees were classic manual laborers, working with equipment to wash and detail customers' vehicles, in addition to performing manual labor, like cleaning and repairing houses, at other locations.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

### A.     FLSA § 216(b) Class

52. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

53. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

54. Plaintiff brings his FLSA claims on behalf of all hourly-paid employees employed by Defendants at any time within the applicable statute of limitations period who were classified as non-exempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

   A.  Payment for all hours worked, including payment of a lawful overtime premium for all hours worked for Defendants in excess of forty (40) hours in a workweek; and

   B.  Liquidated damages; and

   C.  Attorneys' fees and costs.

55. The relevant time period dates back three years from the date on which Plaintiff's Class and Collective Action Complaint was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

56. The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A. They were classified by Defendants as non-exempt from the overtime requirements of the FLSA;

B. They were paid hourly rates;

C. They recorded their time in the same manner;

D. They were subject to Defendants' common policies of deducting rent and "program" or "membership fees" from their pay; paying half-time for hours worked at a location other than the car wash, such as Defendants' rental homes; or who were forced to clock out when there were no vehicles at the car wash, yet were not allowed to leave the premises;

E. They were subject to Defendants' common policy of failing to pay minimum wage for all hours worked under forty (40) hours per work week;

F. They were subject to Defendants' common policy of failing to pay overtime pay for hours worked over forty (40) hours per work week.

57. Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believe that the group exceeds 200 persons.

58. Defendants can readily identify the members of the Section 16(b) Collective. The names, physical addresses, electronic mailing addresses, and phone numbers of the FLSA collective action Plaintiff are available from Defendants, and a Court-approved Notice should be provided to the FLSA collective action Plaintiff via first class mail, email, and text message to their last known physical addresses, electronic mailing addresses, and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

### B. AMWA Rule 23 Class

59. Plaintiff, individually and on behalf of all others similarly situated who were employed by Defendants within the State of Arkansas, brings this claim for relief for violation of the AMWA as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

60. Plaintiff proposes to represent the class of hourly-paid employees who are/were employed by Defendants within the relevant time period within the State of Arkansas.

61. Common questions of law and fact relate to all members of the proposed class, such as whether as a result Defendants' deduction of "program" or "membership fees", Defendants paid members of the proposed class a minimum wage rate and a lawful overtime wage in accordance with the AMWA.

62. Common questions of law and fact predominate over any questions affecting only the individually-named Plaintiff, and a class action is superior to other available methods for fairly and efficiently adjudicating the claims of the members of the proposed AMWA class.

63. The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class. To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202.

64. Plaintiff is unable to state the exact number of the potential members of the AMWA class but believe that the class exceeds 200 persons. Therefore, the class is so numerous that joinder of all members is impracticable.

65. At the time of the filing of this Complaint, neither Plaintiff nor Plaintiff's counsel knows of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

66. Concentrating the litigation in this forum is highly desirable because Defendants' Little Rock facility is based in the Eastern District of Arkansas and because Plaintiff and all proposed class members work or worked in Arkansas.

67. No difficulties are likely to be encountered in the management of this class action.

68. The claims of Plaintiff are typical of the claims of the proposed class in that Plaintiff worked as hourly-paid employees for Defendants and experienced the same violations of the AMWA that all other class members suffered.

69. Plaintiff and his counsel will fairly and adequately protect the interests of the class.

70. Plaintiff's counsel is competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

71. Prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendants.

## VI.    FIRST CLAIM FOR RELIEF
### (Individual Claims for Violation of FLSA)

72. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

73. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

74. During the period relevant to this lawsuit, Defendants classified Plaintiff as non-exempt from the overtime requirements of the FLSA.

75. Despite the entitlement of Plaintiff to minimum wage and overtime payments under the FLSA, Defendants failed to pay Plaintiff a minimum wage rate for all hours worked under forty (40) in each one-week period and failed to pay Plaintiff an overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) hours in each one-week period.

76. Defendants' failure to properly pay minimum wages and overtime wages to Plaintiff stems from Defendants' acts of deducting rent and "program" or "membership fees" from their pay; paying half-time for hours worked at a location other than the car wash, such as Defendants' rental homes; and forcing employees to clock out when there were no vehicles at the car wash yet forbidding employees to leave the premises.

77. Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary, and in bad faith.

78. By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

79. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII. SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

80. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

81. Plaintiff brings this collective action on behalf of all hourly-paid employees employed by Defendants to recover monetary damages owed by Defendants to Plaintiff and members of the putative collective for all the minimum wage and overtime compensation for all the hours he and they worked in excess of forty (40) each week.

82. Plaintiff bring this action on behalf of himself individually and all other similarly situated employees, former and present, who were and/or are affected by Defendants' willful and intentional violation of the FLSA.

83. During the period relevant to this lawsuit, Defendants classified Plaintiff and all similarly situated members of the FLSA collective as non-exempt from the overtime requirements of the FLSA.

84. Despite the entitlement of Plaintiff and those similarly situated to minimum wage and overtime payments under the FLSA, Defendants failed to pay Plaintiff and all those similarly situated a minimum wage rate for all hours worked under forty (40) in each one-week period and

an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

85. In the past three years, Defendants have employed hundreds of hourly-paid employees.

86. Like Plaintiff, these hourly-paid employees regularly worked more than forty (40) hours in a week.

87. Defendants failed to pay these workers at the proper overtime rate.

88. Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the opt-in class may be properly defined as:

> **Each hourly-paid employee who, within the three years preceding the filing of this Complaint, had "program" or "membership fees" deducted from her salary, or were paid "half-time" for hours worked at a location other than the car wash, or were required to clock out and remain on the premises during work hours.**

89. Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

90. By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

91. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   THIRD CLAIM FOR RELIEF
### (Individual Claims for Violation of the AMWA)

92. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

93. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq.*

94. At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

95. Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half times regular wages for all hours worked over forty (40) hours in a week unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

96. Defendants failed to pay Plaintiff all overtime wages owed as required under the AMWA.

97. Despite the entitlement of Plaintiff to minimum wage and overtime payments under the AMWA, Defendants failed to pay Plaintiff a minimum wage rate for all hours worked under forty (40) in each one-week period and failed to pay Plaintiff an overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) hours in each one-week period.

98. Defendants' failure to properly pay minimum wages and overtime wages to Plaintiff stems from Defendants' acts of deducting rent and "program" or "membership fees" from their pay; paying half-time for hours worked at a location other than the car wash, such as Defendants' rental homes; and forcing employees to clock out when there were no vehicles at the car wash yet forbidding employees to leave the premises.

99. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

100. By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiff for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

101. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## IX.   FOURTH CLAIM FOR RELIEF
### (Class Action Claim for Violation of the AMWA)

102. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

103. Plaintiff, individually and on behalf of all others similarly situated who were employed by Defendants within the State of Arkansas, asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq.*

104. At all relevant times, Defendants have been and continues to be the "employer" of Plaintiff and the members of the proposed class within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

105. Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half times their regular wages for all hours worked over forty (40) hours in a week unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

106. Defendants failed to pay Plaintiff and members of the proposed class all overtime wages owed as required under the AMWA.

107. Defendants' common policies of deducting rent and "program" or "membership fees" from their pay; paying half-time for hours worked at a location other than the car wash, such as Defendants' rental homes; and forcing employees to clock out when there were no vehicles at the car wash yet forbidding employees to leave the premises, resulted in a failure to pay Plaintiff and members of the proposed class full and complete overtime during weeks in which Plaintiff and members of the proposed class worked more than forty (40) hours.

108. Plaintiff proposes to represent a class of individuals who are owed minimum wage and overtime wages and other damages for the same reasons as Plaintiff, which may be defined as follows:

> **Each hourly-paid employee in Arkansas who, within the three years preceding the filing of this Complaint, had "program" or "membership fees" deducted from her salary, or were paid "half-time" for hours worked at a location other than the car wash, or were required to clock out and remain on the premises during work hours.**

109. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

110. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and the proposed class for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

111. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and members of the proposed class as provided by the AMWA, Plaintiff and

members of the proposed class are entitled to an award of prejudgment interest at the applicable legal rate.

## X.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Andrew Denison respectfully prays that Defendants be summoned to appear and to answer herein as follows:

(A)    That Defendants be required to account to Plaintiff, the class, and collective members, and the Court for all of the hours worked by Plaintiff and the class and collective members and all monies paid to them;

(B)    A declaratory judgment that Defendants' practices violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(C)    A declaratory judgment that Defendants' practices violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(D)    Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

(E)    Judgment for damages for all unpaid minimum wage compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(F)    Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(G)    Judgment for damages for all unpaid minimum wage compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(H)    Judgment for damages for all unpaid overtime compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(I) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the class and collective during the applicable statutory period;

(J) Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the relating regulations, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the class and collective during the applicable statutory period;

(K) An order directing Defendants to pay Plaintiff and members of the class and collective pre-judgment interest, reasonable attorney's fees, and all costs connected with this action; and

(L) Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**Andrew Denison, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

WH Law | We Help
1 Riverfront Pl. – Suite 745
North Little Rock, AR 72114
(501) 891-6000

By: *Chris Burks*
Chris Burks (ABN: 2010207)
chris@wh.law